**Ricardo SENISAIS, Plaintiff,**

v.

**Thomas FITZGERALD, Dr. Funk, and Dr. John Duffy, Defendants.**

No. 95 C 2564.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 26, 1996.

Ricardo Senisais, Lincoln, IL, pro se.

Robert P. Vogt, Shelly L. Evans, Bullaro, Carton & Stone, Chicago, IL, for defendant Dr. Funk, M.D.

Norma Jean Guess, Moss & Bloomberg, Ltd., Bolingbrook, IL, for defendant Thomas Fitzgerald.

Thomas Raymond Hill, Rooks, Pitts & Poust, Chicago, IL, Harry N. Arger, Rooks, Pitts & Poust, Chicago, IL, for defendant Dr. John Duffy, M.D.

*Memorandum Opinion And Order*

GETTLEMAN, District Judge.

Before the court are two motions to dismiss plaintiff Ricardo Senisais' ("Senisais") complaint. The first is filed on behalf of defendant Dr. Funk ("Funk"), and the second is filed on behalf of defendant Dr. John

Duffy ("Duffy")[1]. For the reasons that follow, the court denies both defendants' motions to dismiss.

### Background

Senisais, currently an inmate at Lincoln Correctional Center, brings this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that he received inadequate medical care while incarcerated at the Will County Adult Detention Center. On November 20, 1994, Senisais slipped and fell, injuring his hand. Soon after reporting the accident to a jail employee, the medical nurse examined Senisais' hand, determined that the hand was broken and provided him ice. Later that same day, Dr. Funk examined Senisais' hand. Funk confirmed that the hand was indeed broken and ordered x-rays. Senisais complains that although he was experiencing tremendous pain, he had to wait until the following day before he received any further medical assistance. On November 21, 1994, a technician x-rayed Senisais' hand and informed him that he would schedule an appointment for him to see a bone specialist. Senisais waited an additional eight days before seeing Dr. Duffy, who also x-rayed his hand and finally set the hand in a cast. Although the complaint describes the excruciating pain Senisais suffered, Senisais indicates in his response to defendants' motion to dismiss that the basis of his claim is the damage caused due to the delay in receiving treatment for his broken hand and not defendants' failure to alleviate the pain. More specifically, Senisais stated that he now has "a knot in the middle of his right hand that doesn't go away. The petitioner contends that this knot is about the size of a half dollar and about ½ in. high." Senisais further contends that he continues to experience pain as a result of the inadequate treatment he received. Doctors have since informed him that there is nothing that they can do to correct his hand; they can only provide him medication for the pain.

### Standard of Review

■■ When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Mosley v. Klincar,* 947 F.2d 1338, 1339 (7th Cir.1991). A motion to dismiss cannot be granted unless it appears beyond doubt that plaintiff could prove no set of facts that would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Further, because plaintiff is proceeding pro se, the court construes his pleadings more liberally than those submitted by an attorney. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

### Discussion

■■■ The standard that governs a pretrial detainee's claim of inadequate medical care is one of deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Martin v. Tyson,* 845 F.2d 1451, 1457–58 (7th Cir.), *cert. denied,* 488 U.S. 863, 109 S.Ct. 162, 102 L.Ed.2d 133 (1988). Thus, in order for an inmate to state a claim under § 1983 for the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 106, 97 S.Ct. at 292. Deliberate indifference exists when an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, ——, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994); *Williams v. O'Leary,* 55 F.3d 320, 324 (7th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 527, 133 L.Ed.2d 434 (1995). Moreover, "[t]he infliction [of punishment] must be deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable."

---

1. Defendant is incorrectly named in Senisais' amended complaint as "Dr. Duffy Johne." The court will nonetheless use defendant's proper name: "John Duffy."

*Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir.1996) (quoting *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir.1995). Deliberate indifference may be manifested by officials "in intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104–05, 97 S.Ct. at 291.

Here, Senisais' broken hand undoubtedly constitutes a serious injury. A medical need is serious if it is "life threatening or poses a risk of needless pain or lingering disability if not treated at once." *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir.1991). Specifically, the Seventh Circuit has held that a broken hand is a serious injury, and permanent harm or a "lingering disability" could result absent proper evaluation, possible realignment, and treatment. *Murphy v. Walker*, 51 F.3d 714, 720 (7th Cir.1995).

Accordingly, the court turns its inquiry to whether defendants acted with deliberate indifference to Senisais' broken hand. Funk contends in his motion to dismiss that Senisais' disagreement with the medical care provided is not, without more, a sufficient basis to indicate that he acted with deliberate indifference. While caselaw clearly supports Funk's contention, *see e.g. Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir.1996), this argument misses the point. The crux of Senisais' complaint is that defendant delayed medical treatment for a nine-day period that resulted in substantial harm; it is not a dispute regarding the course of treatment he received.

It is reasonable to infer from the complaint that Funk's failure to provide or otherwise procure competent medical aid for nine days suggests that he acted with deliberate indifference. The mere fact of delay in providing medical care is not per se evidence of deliberate indifference. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir.1995). Rather, to establish a constitutional violation, a plaintiff must demonstrate that he suffered "substantial harm" as a result of a delay in receiving medical care. *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir.), *cert. denied*, 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974), vacated on other grounds; *Anderson–EL v. O'Keefe*, 897 F.Supp. 1093, 1097 (N.D.Ill. 1995). Here, Senisais specifically alleges that the delay in medical care resulted in substantial harm. Senisais fell and injured his hand on November 20, 1994. Although his hand was twice diagnosed as broken on the day of the accident, an additional nine days passed before his hand was properly set in a cast on November 29, 1994. Senisais describes numerous requests for assistance in which he complained of the pain. Significantly, Senisais also alleges that he has a knot on the middle of his right hand and suffers pain where the knot is located. Senisais adds that doctors "should have known that a broken bone needs to be set and casted within a short period of time to make sure the bone is setting in the right place before the bone startes [sic] to mend togeather [sic]. To which the petitioner contends was not done for 9 days after the bone was broken. Therefore it is the petitioners contention that there was very much deliberate indifference in the treatment of the petitioners right hand." The court agrees. A reasonable doctor, such as Funk, should have recognized the need for proper treatment without delay. *See Murphy*, 51 F.3d at 720 ("[I]n the vast majority of instances, any reasonable officer ought to conclude that a broken hand is a serious injury and that a cast is necessary"). Construing the allegations in the light most favorably to Senisais, the court cannot conclude beyond doubt that Senisais can prove no set of facts in support of his claim. Accordingly, the court denies Funk's motion to dismiss.

Likewise, Duffy has moved to dismiss Senisais' complaint. Initially, Duffy cites Section 2–622 of the Illinois Code of Civil Procedure,[2] which requires a plaintiff

2. Section 2–622 of the Illinois Code of Civil Procedure provides that in any action in which the plaintiff seeks damages for injuries by reason of medical malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit declaring that "the affiant has consulted and reviewed the facts of the case with a health professional," "that the reviewing health professional has determined in a written report that there is a reasonable and meritorious cause for the filing of such action," and "that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause

seeking damages due to medical malpractice to file an affidavit containing certain information along with his complaint. Duffy argues that Senisais' failure to file any such 2–622 affidavit against Duffy is grounds for dismissal. Duffy is clearly mistaken. Senisais has brought this suit pursuant to 42 U.S.C. § 1983 seeking damages for the alleged violation of his constitutional rights; this is not a claim of medical malpractice. Moreover, Senisais has filed his complaint in federal district court seeking redress for the alleged violation of federal rights. In this court, the *Federal* Rules of Civil Procedure govern, not the Illinois Code of Civil Procedure. As such, Section 2–622 is inapplicable. Thus, any failure to file an affidavit is not sufficient grounds for dismissal.

■ Moreover, Duffy contends that the allegations in Senisais' complaint do not sufficiently state a claim against him under § 1983. Duffy argues that Senisais failed to specify what Duffy did that was allegedly negligent. Although Senisais' complaint is somewhat general, it clearly includes Duffy as one of the defendants who contributed to his suffering and the permanent disfigurement of his hand and who acted with deliberate indifference to his serious medical needs. The complaint further describes encounters with *Duffy* in which Senisais' concerns allegedly went unheeded. While the court cannot determine on the limited record whether Duffy's conduct was deliberate or reckless, Senisais' allegations, liberally construed, are sufficient to survive at this stage of the proceedings. Accordingly, the court denies Duffy's motion to dismiss.

### Conclusion

For the foregoing reasons the court denies defendants' motions to dismiss. The court further appoints David A. Rammelt of Freeborn & Peters, 311 South Wacker Drive, Suite 3000, Chicago, Illinois, 60606, (312) 360–6000, as counsel. This case is set for a status hearing on November 6, 1996 at 9:00 a.m. Counsel is directed to appear at the status hearing and indicate his intention to stand on Senisais' original amended complaint or file a new amended complaint at that time after consulting with plaintiff.

---

for filing of such action." 735 ILCS 5/2–622. Section 2–622 further provides that the failure to file such affidavit shall be grounds for dismissal. 735 ILCS 5/2–622(g).