**JOSLYN MANUFACTURING COMPANY, Plaintiff–Appellee,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant–Appellant.**

No. 93–2974.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 14, 1994.

Decided May 6, 1994.

Suggestion for Rehearing and Rehearing In Banc Denied June 7, 1994.

Jay A. Canel, Stephen D. Davis (argued), William H. Jones, Canel, Davis & King, Chicago, IL, for plaintiff-appellee.

Steven B. Belgrade, John A. O'Donnell, George M. Velcich, Belgrade & O'Donnell, Chicago, IL, Martha J. Koster, Lee Glicken-

haus (argued), Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Boston, MA, for defendant-appellant.

Before CUMMINGS, BAUER and COFFEY, Circuit Judges.

CUMMINGS, Circuit Judge.

In this diversity action, Joslyn Manufacturing Company ("Joslyn"), of Delaware, sued Liberty Mutual Insurance Company ("Liberty"), of Massachusetts, for reimbursement of its expenses in treating contamination at its 36–acre tract in Franklin Park, Illinois.

The complaint recited that in December 1986 the Illinois Environmental Protection Agency issued a Record of Decision requiring immediate removal of creosote and pentachlorophenol contamination at the site because it presented a threat to the community and to underground water in the area. Joslyn requested Liberty to defend it against claims for property damage and to pay for excavation of the contaminated soil and its disposal in a permitted hazardous waste landfill, but Liberty neither defended Joslyn nor reimbursed its expenses. R. 1. At the time judgment was entered in favor of Joslyn, its cleanup expenditures amounted to $5,187,629.65.

In February 1993, two factual issues were tried to a jury and the remaining issues were reserved to the district court. The jury found, first, that Joslyn did not expect or intend that contamination of the environment would result from its operations at the Franklin Park site and second, that some of its contamination removal costs were incurred on account of damage to groundwater. The remaining issues were briefed after trial and decided by the court. Liberty raised the following six issues:

I.  The "owned property" exclusion defeats coverage here.

II.  The expenditures include funds for preventing future damage, which is not covered.

III.  At least part of the costs were for cleaning up "owned property," and are not covered due to exclusions in the policy.

IV.  The policies were limited as to time, so that costs must be apportioned.

V.  Joslyn is not entitled to coverage under more than one policy, even though annual policies were issued.

VI.  There is insufficient evidence of coverage prior to 1962.

In a memorandum opinion, Judge Van Sickle held that the first five issues relied on interpretations of the policy and that Liberty Mutual was estopped from using those provisions as a defense because it did not defend against the claim or act to obtain a judicial decision as to its obligations as required by Illinois law, citing *Maneikis v. St. Paul Ins. Co. of Illinois,* 655 F.2d 818, 821 (7th Cir. 1981), dealing with pertinent Illinois law.

The court disposed of the sixth issue in Joslyn's favor because it introduced proof of coverage and policy limits for 1952 through 1961 despite Liberty's assertion that there was insufficient evidence to find that coverage existed prior to 1962. However, the court refused to award Joslyn $147,236.39 in attorneys' fees for Liberty's purportedly vexatious and unreasonable conduct. Joslyn no longer seeks recovery of its attorneys' fees.

In addition to holding that Joslyn's uncontested costs of $5,187,629.65 must be reimbursed under Liberty's policies, the court required Liberty to defend and indemnify Joslyn for any further cleanup costs at the Franklin Park site, and it denied Liberty's motion for access to the site. The court below also denied Liberty's motion for judgment notwithstanding the verdict or for a new trial. We affirm.

*Estoppel*

Toward the end of 1986 the Illinois Environmental Protection Agency issued a Record of Decision ordering cleanup of the Franklin Park location. Under Illinois law Liberty was required to defend its insured because the underlying complaint was at least potentially within policy coverage. In Illinois the underlying complaint and the insurance policies must be liberally construed in favor of the insured with all doubts and ambiguities resolved in its favor. *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.,* 144 Ill.2d 64, 73–74, 161 Ill.

Dec. 280, 284, 578 N.E.2d 926, 930 (1991). However, Liberty failed to defend, even under a reservation of rights, and also failed to obtain a declaration of non-coverage before refusing to defend. In such a situation, equitable estoppel bars the insurer from disputing questions of coverage because it should have obtained a declaratory judgment or defended the insured under a reservation of rights. By violating its duty to defend, under Illinois law the insurer "is estopped to deny policy coverage in a subsequent lawsuit by the insured or the insured's assignee." *Maneikis v. St. Paul Ins. Co. of Illinois,* 655 F.2d 818, 821 (7th Cir.1981).[1]

Liberty's argument that Joslyn never asked it to defend is without substance. In June of 1987 Joslyn asked Liberty to ascertain if coverage existed and stated it looked forward to Liberty's advising Joslyn as to that matter. It forwarded more inquiries over the next several years. However, Liberty neither defended Joslyn nor reimbursed it.

Consequently, the district court correctly held that Liberty's failure to defend Joslyn against the Illinois Environmental Protection Agency's action estopped Liberty from arguing its first five points regarding coverage under the terms of the policy.

*Coverage prior to 1962*

Liberty claims that there is insufficient evidence to find that coverage existed prior to 1962. However, Joslyn introduced evidence of coverage and policy limits for 1952 through 1961 and Liberty failed to show that no coverage existed in those years. (See affidavit of Joslyn's risk manager from 1947 to 1983, R. 98 Exh. 1.) The District Court properly determined that there was sufficient evidence of coverage prior to 1962.

*Jury findings*

Liberty moved the court below for j.n.o.v. or, alternatively, for a new trial on the two issues submitted to the jury.

■ In response to the first question submitted to it, the jury found that Joslyn did not expect or intend that contamination of the environment would result from its Franklin Park operations. Since Joslyn submitted evidence that it did not expect or intend to cause environmental damage when it operated the Franklin Park plant, the jury's finding in its favor should not be overturned. There was no evidence that Joslyn intended the environmental damage. Creosote and pentachlorophenol were not identified as hazardous substances until ten years after the plant closed, and Joslyn's former plant manager testified that he had no knowledge of any environmental damage when the plant was in operation and that Liberty, which inspected the site annually, never suggested that environmental damage was occurring. Consequently, the jury's finding that Joslyn did not expect or intend contamination of the environment was justified.[2]

■ In response to the second question submitted to it, the jury found that some of Joslyn's cleanup costs were incurred on account of groundwater damage. Liberty argues that there was insufficient evidence to support this finding. The issue is relevant, however, only because Liberty argues that if the contaminated water is not "groundwater," then the owned property exclusion applies. Because the court below properly held that Liberty is estopped from asserting policy terms to defeat coverage here, a resolution of this issue in favor of Liberty would not alter the outcome of this case. Moreover, the record supports the jury's finding in this regard.

1. Several of Liberty's arguments address the issue of so-called "owned property." Even if Liberty were not estopped from raising these points, recent caselaw demonstrates that the arguments are without merit. Joslyn is seeking to recover the costs of complying with an Illinois order to clean up contamination, so that the fact that the cleanup occurred on Joslyn's land is irrelevant. *Patz v. St. Paul Fire & Marine Ins. Co.,* 15 F.3d 699, 705 (7th Cir.1994). As explained by the *Patz* court, the plaintiffs there, like Joslyn here, were not seeking to recover for damage to their property but rather to recover the cost of liability imposed on them by a state agency.

2. The district judge was entitled to reject three exhibits about a 1962 incident at a Joslyn plant in New Orleans. They concerned a 1962 deposit of oil in a ditch and are remote in time, subject matter and territory. Therefore, the trial judge was justified in ruling them irrelevant.

*Denial of Liberty's motion for access to the site*

After trial, Liberty claimed for the first time that it should have a credit against liability to the extent the cleanup increased the value of Joslyn's property. Clearly Liberty waived this argument. While Liberty raised 31 defenses in its answer, it never claimed unjust enrichment, nor did it seek to inspect the site until after the March 31, 1992, discovery cutoff. Liberty also did not raise unjust enrichment in the two pre-trial orders. Consequently, this argument was waived and in any event is not supported by any language in the policies. If Liberty wished to preserve this argument, it should have presented it at the trial.

### Conclusion

We have considered the other arguments raised by Liberty in its briefs and at oral argument and conclude that they were properly rejected by the court below. The judgment is affirmed.