**Sandra L. WALDRIDGE,
Plaintiff–Appellant,**

v.

**AMERICAN HOECHST CORP., et
al., Defendants–Appellees.**

No. 92–3714.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 29, 1993.

Decided May 16, 1994.

Rehearing Denied July 7, 1994.

Glenn J. Tabor, Blachly, Tabor, Boxik & Hartman, Valparaiso, IN (argued), Stephen L. Williams, Max Goodwin (argued), Mann, Chaney, Johnson, Goodwin & Williams, Terre Haute, IN, for plaintiff-appellant.

Ralph A. Cohen, Angela K. Wade, Jacqueline A. Simmons (argued), Ice, Miller, Donadio & Ryan, Mary K. Reeder (argued), Riley, Bennett & Egloff, Lee B. McTurnan, McTurnan & Turner, Donald G. Orzeske (argued), William M. Osborn, Osborn, Hiner & Lisher, Indianapolis, IN, for defendants-appellees.

Before RIPPLE, KANNE and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

For two and a half years, Sandra Waldridge worked for Futurex Industries, a small Indiana plastics company. For the majority of her employment with Futurex, Ms. Waldridge was assigned to tasks that required her to handle plastic resins and colorants and exposed her on a daily basis to the dust and fumes from these materials. In the course of her work, Ms. Waldridge began to experience frequent headaches and nausea. By the fall of 1986, she was suffering from fatigue, soreness in her joints and muscles, and tingling in her extremities. Her symptoms worsened the following year: in January, a nerve in her face became in-

flamed; and in May, she suffered a permanent loss of visual acuity and color perception in her right eye and some peripheral vision in both eyes. In 1988, she temporarily lost the use of her right arm to increased pain and weakness, and her ophthalmologist became concerned that the vision in her right eye was worsening. On the advice of her physicians, Ms. Waldridge resigned from Futurex in June of 1988. With the exception of her eyesight, her physical condition has improved since that time, although she continues to experience a number of infirmities. An examination conducted in November 1988 revealed that Ms. Waldridge exhibited a mild neuropsychologic impairment in the left hemisphere of her brain.

Two years after leaving Futurex's employ, Ms. Waldridge filed suit against the companies that supplied plastics and colorants to Futurex, alleging that these products were the cause of her ailments. After substantial discovery took place, the defendants moved for summary judgment, contending that there was insufficient evidence of a causal link between their products and plaintiff's infirmities.[1] The district court granted the motion, holding that Ms. Waldridge had failed to identify the evidence supporting her claims in the manner required by Rule 56(e) of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules for the Southern District of Indiana. Alternatively, the court found that the expert opinion on which Ms. Waldridge relied to establish causation did not meet the requirements of Rules 401 and 702 of the Federal Rules of Evidence. Ms. Waldridge appeals, contending that the opinion of her medical expert satisfied the pertinent evidentiary rules and supplied enough evidence on the question of causation to defeat summary judgment. Because we agree with the district court, however, that her response in opposition to the defendants' motion did not comply with the explicit requirements of Local Rule 56.1, we affirm the entry of summary judgment against Ms. Waldridge on that basis without reaching the admissibility of the expert opinion that she proffered.

We begin our analysis with a few remarks about the nature of summary judgment. It is not, as parties opposing summary judgment are fond of pointing out, a vehicle for resolving factual disputes. 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure: Civil* § 2712, at 574 (2d ed. 1983). And because summary judgment is not a paper trial, the district court's role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); 10 Wright, Miller & Kane § 2712, at 574–78. The parties, in turn, bear a concomitant burden to identify the evidence that will facilitate this assessment. Thus, as Fed.R.Civ.Proc. 56(e) makes clear, a party opposing summary judgment may not rely on the allegations of her pleadings. Rather:

> [T]he adverse party's response, by affidavits or as otherwise provided in this rule, must set forth *specific facts* showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, *shall* be entered against the adverse party.

(Emphasis supplied). This requirement is more than a technicality; as the now familiar trilogy of 1986 cases from the Supreme Court established, if the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court *must* enter summary judgment against her. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Anderson,* 477 U.S. at 249–52, 106 S.Ct. at 2511–12. The burden on the non-movant is not onerous. 10A Wright, Miller & Kane

---

1. One of the defendants settled with Ms. Waldridge while the summary judgment motion was being briefed.

§ 2727, at 148. She need not tender evidence in a form that would be admissible at trial;[2] she may rely on affidavits or any other materials of the kind identified in Rule 56(c). *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, the non-movant need not match the movant witness for witness, nor persuade the court that her case is convincing, she need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact. *Anderson,* 477 U.S. at 248–49, 106 S.Ct. at 2510 (quoting *First Nat. Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)); *see also id.* 477 U.S. at 255, 106 S.Ct. at 2513; *Sarsha v. Sears, Roebuck & Co.,* 3 F.3d 1035, 1041 (7th Cir. 1993); *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir.1992); *Cameron v. Frances Slocum Bank & Trust Co.,* 824 F.2d 570, 575 (7th Cir.1987).

Despite the rudimentary nature of their task, parties served with summary judgment motions often misconceive what is required of them. As the district court noted:

> Although this goal seems straightforward, it often appears to daunt parties and their counsel. [M]any non-movants are satisfied to submit virtually all the discovery they have performed, cite to some spurious pre–1986 summary judgment language, remind the court that they are "entitled to all inferences" and that "jury trials are favored" and then let the court sort it all out. Not one of these things is even remotely helpful to resolving the issues succinctly framed by Rule 56.

R. 120 at 10.[3] We too have noted these types of recurrent shortcomings in summary judgment responses, which routinely lead to the entry of summary judgment and, inevitably, unsuccessful appeals therefrom. *See, e.g., Hickey v. A.E. Staley Mfg.,* 995 F.2d 1385, 1391 (7th Cir.1993); *United Ass'n of Black Landscapers v. City of Milwaukee,* 916 F.2d 1261, 1264–65 (7th Cir.1990), *cert. denied,* 499 U.S. 923, 111 S.Ct. 1317, 113 L.Ed.2d 250 (1991); *Becker v. Tenenbaum–Hill Assocs.,*

*Inc.,* 914 F.2d 107, 112 (7th Cir.1990); *Chicago Florsheim Shoe Store Co. v. Cluett, Peabody & Co.,* 826 F.2d 725, 728–29 (7th Cir. 1987).

Local rules akin to the Southern District of Indiana's Rule 56.1 reflect an attempt to make the parties' respective summary judgment obligations explicit. *See American Family Mut. Ins. Co. v. Williams,* 839 F.Supp. 579, 581–82 (S.D.Ind.1993). With respect to the non-movant's burden, Rule 56.1 provides:

> Any party opposing the motion [for summary judgment] shall ... serve and file any affidavits or other documentary material controverting the movant's position, together with an answer brief that shall include in its text or appendix thereto a "Statement of Genuine Issues" setting forth, with appropriate citations to discovery responses, affidavits, depositions, or other admissible evidence, all material facts as to which it is contended there exists a genuine issue necessary to be litigated.
>
> In determining the motion for summary judgment, the Court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion, as supported by the depositions, discovery responses, affidavits and other admissible evidence on file.

Other districts in this circuit have adopted similar rules. *See* Local General Rule 12, Northern District of Illinois; Local Rule 11, Northern District of Indiana; Local Rule 6.05, Eastern District of Wisconsin; "Rule on Procedure to be Followed on Motions for Summary Judgment," Western District of Wisconsin; *see also* Local Civil Rule 2.9, Central District of Illinois; Local Rule 5, Southern District of Illinois. We have endorsed the exacting obligation these rules impose on a party contesting summary judg-

---

**2.** Of course, the evidence set forth must be of a kind admissible at trial. *E.g., Gustovich v. AT & T Communications, Inc.,* 972 F.2d 845, 849 (7th Cir.1992); Fed.R.Civ.P. 56(e).

**3.** Our citations to the record correspond to the docket entry numbers contained in the "Amended Index."

ment to highlight which factual averments are in conflict as well as what record evidence there is to confirm the dispute, explaining that district courts are not obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions. *Herman v. City of Chicago,* 870 F.2d 400, 404 (7th Cir.1989); *Bell, Boyd & Lloyd v. Tapy,* 896 F.2d 1101, 1103–04 (7th Cir.1990); *see also L.S. Heath & Son, Inc. v. AT & T Info. Sys., Inc.,* 9 F.3d 561, 567 (7th Cir.1993). We have also repeatedly upheld the strict enforcement of these rules, sustaining the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts. *Bell, Boyd & Lloyd,* 896 F.2d at 1103–04; *Skagen v. Sears, Roebuck & Co.,* 910 F.2d 1498, 1500 (7th Cir.1990); *Appley v. West,* 929 F.2d 1176, 1179–80 (7th Cir.1991) (per curiam); *Maksym v. Loesch,* 937 F.2d 1237, 1240–41 (7th Cir.1991); *Wienco, Inc. v. Katahn Assocs., Inc.,* 965 F.2d 565, 567–68 (7th Cir.1992); *Schulz v. Serfilco, Ltd.,* 965 F.2d 516, 519 (7th Cir.1992); *Valenti v. Qualex, Inc.,* 970 F.2d 363, 368–69 (7th Cir.1992); *A.V. Consultants, Inc. v. Barnes,* 978 F.2d 996, 1002 (7th Cir.1992); *Tobey v. Extel/JWP, Inc.,* 985 F.2d 330, 333 (7th Cir. 1993); *see also McGann v. Northeast Ill. Regional Commuter R.R. Corp.,* 8 F.3d 1174, 1178 n. 3 (7th Cir.1993); *Stewart v. McGinnis,* 5 F.3d 1031, 1034 (7th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1075, 127 L.Ed.2d 393 (1994).

■ The summary judgment memorandum that Ms. Waldridge filed fell far short of the requirements of Rule 56.1. Although she did include a "Statement of Genuine Issues" in her memorandum, she did not make any effort to identify with specificity what factual issues were disputed, let alone supply the requisite citations to the evidentiary record. Instead, the statement read, in its entirety:

### Statement of Genuine Issues

1. Is there evidence that the products of the "Plastic Manufacturers" proximately caused or contributed to any of the injuries and damages sustained by Plaintiff Sandra Waldridge?

2. Is there evidence that the "Heavy Metal Colorant Manufacturers'" products proximately caused or contributed to any of the injuries and damages sustained by Plaintiff Sandra Waldridge?

3. Is there evidence that Defendant Ampacet's products proximately caused or contributed [to] any of the ... injuries and damages sustained by Plaintiff Sandra Waldridge[?]

4. With respect to damages, is there evidence that Sandra Waldridge incurred any visual loss as a proximate result of exposure to Defendants' products?

5. With respect to damages, is there evidence that Sandra Waldridge has a significantly increased risk of cancer as a proximate result of exposure to Defendants' products which may be considered in determining the amount of compensatory damages to be awarded?

R. 93 at 3. In a sense, this is a general statement of the contested issues in the case, akin to the statement required by Rule 28(a)(3) of the Federal Rules of Appellate Procedure. But it certainly is not the kind of statement that Local Rule 56.1 envisions. There is no attempt to controvert the factual averments set forth in the defendants' own statements, to set forth the plaintiff's independent factual representations, or to point the court to the evidence in the record that supports the plaintiff's position on the disputed issues she has identified.

■ The rule leaves no doubt as to the ramifications of failing to submit an appropriate factual statement in opposition to a motion for summary judgment: "the Court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy...." That is precisely what the district court did in this case. Once it ascertained that Ms. Waldridge had not supplied the appropriate factual denials or averments mandated by Rule 56.1, it assumed the facts to be as they were represented in the defendants' properly framed and documented

statements. R. 120 at 16–20.[4] That step in turn led inevitably to summary judgment in the defendants' favor, as the defendants' averments established the lack of a causal nexus between their products and plaintiff's injuries.[5] Put another way, because Ms. Waldridge had neglected to present her version of the facts in the manner prescribed by Rule 56.1, her memorandum "fail[ed] to provide specific facts from which a reasonable juror could find that the Defendants' products caused Plaintiff's injuries." R. 120 at 20.

■ Ms. Waldridge suggests that her failure to comply with Rule 56.1 was immaterial, in that the crucial evidence necessary to refute the defendants' factual averments could be found in the affidavit of her expert, Dr. William L. Marcus (R. 90), which she submitted in conjunction with her summary judgment memorandum. Waldridge Br. at 37–38. In a like vein, she points out that she also submitted an exhibit listing the deposition excerpts on which she relied (R. 93, Ex. A) together with notebooks containing those excerpts. Waldridge Reply Br. at 17–19.[6] This argument misconceives the purpose of the factual statements required by Rule 56.1 and its counterparts. These statements are not merely superfluous abstracts of the evidence. Rather, they are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own. *See, e.g., Bell, Boyd & Lloyd,* 896 F.2d at 1102–03 (sustaining entry

of summary judgment based on inadequacy of non-movant's factual statement, despite acknowledgement that affidavit underlying that statement would otherwise have been sufficient to establish dispute of material fact for purposes of Fed.R.Civ.P. 56); *see also Schulz,* 965 F.2d at 519. Nowhere in her summary judgment submission did Ms. Waldridge attempt to identify the particular facts she believed to be in dispute and to correlate these with the relevant portions of Dr. Marcus' fifteen-page affidavit or the deposition excerpts, and that in essence is what Rule 56.1 demands.

■ Ms. Waldridge also points out that none of the defendants objected below to her failure to comply with Rule 56.1 and contends that the district court erred when it invoked the rule sua sponte. Waldridge Reply Br. at 17, 23–25. We are inclined to agree that the defendants waived any claims of prejudice that *they* may have suffered as a result of the defects in Ms. Waldridge's Statement of Genuine Issues. But we do not agree that their failure to argue non-compliance with Rule 56.1 precluded the district court from holding Ms. Waldridge to account for the shortcomings in her submission. Whether to apply such a rule strictly or to overlook any transgression is a matter we leave to the district court's discretion, *see McGann,* 8 F.3d at 1178 n. 3; *Schulz,* 965 F.2d at 519, and we find no abuse of that discretion here. Rules like 56.1 no doubt benefit the parties themselves by requiring their opponents to clarify exactly what they dispute and on what evidence they rely. *See Mirocha v. TRW, Inc.,* 805 F.Supp. 663, 675 (S.D.Ind.1992). But they are of significantly greater benefit to the court, which does not have the advantage

---

4. The district court's interpretation of its own rules is, of course, due considerable deference from us. *Smith v. Village of Maywood,* 970 F.2d 397, 400 (7th Cir.1992) (per curiam); *Bell, Boyd & Lloyd v. Tapy,* 896 F.2d 1101, 1103 (7th Cir. 1990). However, there really is no dispute in this case that Ms. Waldridge failed to comply with Local Rule 56.1; her quarrel is rather with the dispositive significance that the district court attached to her failure.

5. *See, e.g.,* R. 69 at 8–13 (noting that four physicians were unable to state with a reasonable

degree of medical certainty that Ms. Waldridge's symptoms were caused by exposure to toxic substances at Futurex and that the two individuals who believed that there was such a causal link lacked any basis in the record to determine the levels of toxic substances to which Ms. Waldridge may have been exposed); R. 71, Br. at 3–9 (same); R. 74, Br. at 2–4, 16–28, 28–32 (same).

6. The district court noted that Ms. Waldridge tendered these excerpts only after she had violated Local Rule 26.2(a) by filing eight depositions en masse. *See* R. 120 at 13–14 & n. 6.

of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information. *See Florida E. Coast Ry. Co. v. CSX Transp., Inc.*, No. 91 C 7063, 1992 WL 137579, at *7 n. 2 (N.D.Ill. May 29, 1992). Consequently, there is nothing improper in the court enforcing the rule strictly, even if the parties themselves have not raised the matter.[7]

The factual statement required by Local Rule 56.1 is not a mere formality. It follows from the obligation imposed by Fed.R.Civ.P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial, and it substantially facilitates the district court's task in deciding whether a trial is indeed necessary. Ms. Waldridge's failure to comply with the local rule was, accordingly, not a harmless technicality, but a mistake that our precedents (for good reason) have deemed fatal. Having concluded that summary judgment was properly granted in the defendants' favor on the basis of Rule 56.1 alone, we do not consider the sufficiency of the evidence Ms. Waldridge submitted in opposition to the motion. The judgment of the district court is AFFIRMED.

---

**7.** Ms. Waldridge suggests that the defendants themselves did not honor the requirements of Rule 56.1. Our review of the record reveals otherwise, however. The memoranda filed by Spectrum Colors, Inc. and the plastic manufacturers each contained a factual summary that identified the material facts as to which they believed there was no dispute and supplied appropriate citations to the evidentiary record. R. 71, Br. at 2–9; R. 74, Br. at 2–4. The memorandum filed by defendants PMS Consolidated and Avecor Midwest did not contain such a summary. However, in marked contrast to Ms. Waldridge's submission, the portion of their memorandum dealing with the crucial question of causation did contain record citations supporting each of the factual averments on which they relied in seeking summary judgment. R. 69 at 8–13. Consequently, to the extent PMS Consolidated and Avecor Midwest may not have complied with the letter of Rule 56.1, the district court was within its discretion to overlook this omission. *See Mirocha, supra,* 805 F.Supp. at 675.