116 F.3d 1483
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John E. SIMMONS, Plaintiff-Appellant,
v.
GTE NORTH, INC. and GTE Corp., Defendants-Appellees.
 No. 95-1534.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 25, 1997.*
Decided June 25, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Western Division, 93 C 20019; Philip G. Reinhard, Judge.
 Before CUMMINGS, BAUER, and WOOD, Circuit Judges.
 
 ORDER
 
 1
 John Simmons appeals summary judgment in favor of defendants in his suit alleging violations of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.
 
 
 2
 Simmons was employed by Contel of Illinois as a telephone repairman when he injured his back while on the job on March 15, 1990. The injury aggravated a previous back injury Simmons had suffered after a fall during a repair job, and eventually Simmons was declared totally disabled. He has not been actively employed since his 1990 injury.
 
 
 3
 At the time of Simmons's injury Contel of Illinois was a subsidiary of Contel Corporation. In 1991 Contel Corporation merged with GTE Corporation, and in 1993, Contel of Illinois merged with Contel of Indiana, Inc. and Contel of Pennsylvania, Inc. to form GTE North, Inc., a wholly-owned subsidiary of GTE Corporation. The entities surviving the mergers were GTE Corporation and GTE North, Inc. Although Contel of Illinois became part of GTE North, the benefits plan provided by Contel of Illinois continued in effect for the GTE employees who had worked for Contel.
 
 
 4
 Between 1990 and 1993, Simmons contacted Contel and GTE personnel and requested copies of his benefits plan, to which he was entitled under ERISA, 29 U.S.C. §§ 1024(b)(4), 1132. He was sent copies of the applicable collective bargaining agreement and the Contel medical, dental, life insurance, and pension plans. Contending that the merger made him a GTE employee rather than a Contel employee, Simmons asserted that he was not receiving the complete array of plans and forms to which he was entitled and that Contel/GTE was denying him his proper benefits. Eventually he brought suit under ERISA, contending that: (1) defendants failed to pay him all the benefits to which he was entitled; (2) he was entitled to a permanent injunction against defendants for failing to provide him the proper explanations of his benefits; (3) defendants failed to provide him the proper information regarding his benefits; (4) defendants failed to pay full benefits and threatened to request the return of some payments already made; (5) he was entitled to a declaratory judgment regarding the nature and extent of his medical and life insurance benefits; (6) he deserved compensation for the trauma resulting from his attempts to secure his benefits; (7) defendants had acted harassingly and in bad faith; and (8) he was entitled to attorney fees and costs for bringing legal action. The district court granted summary judgment for the defendants and subsequently denied Simmons's timely Rule 59(e) motion. Simmons appeals.
 
 
 5
 Simmons first challenges the district court's decision to strike many of his filings for failure to comply with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rule 12, the rule governing identification of evidence and factual disputes for summary judgment proceedings. Simmons filed the suit pro se, but later was represented by counsel. Counsel made little or no effort, however, to identify, either evidence in the record supporting her client's position or the precise factual disputes before the district court.[1]
 
 
 6
 The district court was entitled to strike the deficient filings, including affidavits and statements of fact and law opposing the motion for summary judgment. "The requirements of such rules are not onerous, but they are exacting. [The Local Rule] makes explicit the responding party's burden of controverting the movant's position with adequate citations to the record." Little v. Cox's Supermarkets, 71 F.3d 637, 641 (7th Cir.1995) (internal citation omitted). Further, it "is reasonable to assume that just as a district court is not required to 'scour the record looking for factual disputes,' it is not required to scour the party's various submissions to piece together appropriate arguments." Id. (internal citation omitted) (quoting Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir.1994)).
 
 
 7
 Moving to the merits of the case, Simmons's claims generally rest upon his contention that the merger between Contel and GTE Corp./GTE North made him a GTE employee. He points to several letters on GTE letterhead welcoming him to the GTE family and addressing him as a GTE employee or pensioner. Additionally, he relies on the fact that he was allowed to participate in the GTE employee stock plan. As the district court recognized, however, neither these letters nor participation in the stock plan establishes that the merger rendered Simmons a GTE employee. Simmons never worked for GTE, he was a Contel employee covered by Contel benefits. It is not surprising that he would receive communications from GTE, as GTE was the surviving entity of the Contel/GTE merger process. Without more, however, those communications do not entitle him to receive copies of GTE plans or seek GTE benefits. See, e.g., Lynn v. CSX Transp. Inc., 84 F.3d 970, 974 (7th Cir.1996).
 
 
 8
 The Contel benefits plan continued after the merger, so Simmons was entitled to no more than what that plan provided. Simmons contends that he has not received even those benefits, but his assertions remain unsupported. Admittedly Simmons has not received all his disability benefits. The Contel benefits plan, however, provides that disability payments are reduced by any amounts received as worker's compensation payments. (Contel Pension Plan § 5.9, R. Exhibit Vol. 1 at 40.) Simmons receives worker's compensation, and consequently his Contel disability benefits have been reduced, but not improperly. Although Simmons claims that he is not subject to the offset provision because of an exception for "fixed statutory payments for the loss of 100% of use of any bodily member," (id.), and that he has lost one hundred percent use of his body due to the damage to his back, we conclude that Simmons has not shown that Contel has improperly reduced his benefits. Further, because the Contel plan continued in effect, Simmons was not entitled to choose between the better parts of the Contel plan and the GTE plan.
 
 
 9
 Because Simmons has presented no evidence that he did not receive the full array of Contel benefits plans to which he was entitled, and because he has presented no evidence substantiating his other ERISA-based claims of denial of benefits and additional injuries, the judgment of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 As a Rule 12(n) statement, Simmons's attorney submitted a cover sheet and attachments. The cover sheet explained that the attached documents were the Rule 12(n) statement; the attachments were a previous (and never filed) draft of a statement of undisputed facts with additional handwritten notations either agreeing with or denying the propositions and further directing the reader to the second attachment, a letter counsel received from Simmons, setting forth his objections to GTE/Contel's Rule 12(m) statement and statement of disputed issues. The attorney later replaced the first Rule 12(n) submission with a revised version that typed the objections alone, with denials that stated simply "(Plaintiff's statement.)," referred the district court to unspecified inconsistencies in Contel's correspondence with Simmons, and requested the district court to construe "any and all ambiguities" in Simmons's favor