124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kevin J. McCANTS, Administrator of the Estate of Darrel
Darnell McCants, Plaintiff-Appellant,
v.
VILLAGE OF BROADVIEW, et al., Defendants-Appellees.
 No. 96-3249.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 25, 1997.*
Decided July 25, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 93 C 3657; James B. Zagel, Judge.
 Before POSNER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Kevin J. McCants, appealing pro se as administrator of the estate of Darrell McCants, sued the Village of Broadview and various police officers for using deadly force without adequate justification under the Fourth Amendment, and for negligent spoliation of evidence. The district court granted summary judgment to defendants, ruling that there was no evidence that defendants used deadly force, and therefore no pertinent evidence which they had a duty to preserve. We affirm.
 
 
 2
 Broadview police wanted to question Darrell McCants in connection with a burglary. In attempting to evade the police, McCants fled across the Eisenhower Expressway, where a large truck struck and killed him. McCants' relatives maintain that he only "froze" in the path of the truck--and, presumably, therefore failed to make it safely across the expressway--because police shot him in the leg. They maintain that the Village of Broadview threw away the bullet lodged in McCants' leg to make it hard for them to maintain their suit. The medical examiner, however, found no evidence that McCants had been shot. Rather, he found in McCants' leg an oxidized fragment of metal wholly encased in scar tissue which, he concluded, must have developed after an old gunshot wound. Because the old wound played no role in McCants' death, he threw the fragment away. McCants' family maintains that the metal fragment was discarded after the family developed its theory that McCants had been shot, and that the police knew the family wanted to examine the fragment.
 
 
 3
 After the district court rejected a suit filed by McMants' relatives, on grounds that they lacked standing to sue in their individual capacities, Kevin McCants hired an attorney and filed suit in his capacity as administrator of Darrell McCants' estate.[1] The suit alleged that by throwing away the metal fragment from McCants' leg, defendants impaired plaintiff's ability to show that the Broadview police shot McCants without constitutional justification, and thereby caused his death. The district court, ruling that plaintiff was unable to refute the medical examiner's conclusion that there was no evidence of a fresh gunshot wound on McCants' body, granted summary judgment for defendants.
 
 
 4
 Plaintiff complains that the district court ignored an affidavit which he provided from an expert on gunshot wounds, challenging the findings of the medical examiner. This affidavit, plaintiff maintains, created a material dispute which precluded summary judgment. The district court, however, did consider the affidavit but discounted its significance. And rightly so. The affidavit, based on a reading of the autopsy report rather than an independent examination of the body, contains the conclusory allegation that the medical examiner failed to follow "accepted pathologic procedures." It does not specify what the accepted procedure would have been. The affidavit also maintains that the medical examiner could have performed additional tests which would have provided more definitive answers about the metal fragment recovered from McCants' leg. The problem, as the district court noted, is that the affidavit never actually contradicts the medical examiner's findings. Instead, it claims that a better autopsy might have yielded clearer, and possibly different, results. "Conjecture" is not the same as "evidence that would reasonably permit the finder of fact to find in [the non-movant's] favor" on a disputed question of material fact. Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir.1994). And without some evidence in the record that the medical examiner erred in concluding that the metal fragment came from an old, fully healed wound. plaintiff cannot show that defendants had any duty to preserve the fragment.
 
 
 5
 Because plaintiff's assertions lack proper evidentiary support, the district court correctly concluded that there was no pending dispute of material fact. Accordingly, the grant of summary judgment in favor of the defendants was proper.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Therefore, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Plaintiff argues that the district court erred in dismissing the original complaint. However, he lacks standing to appeal on behalf of the relatives whose suit was dismissed