Sonia GOLTZ, Plaintiff,

v.

**UNIVERSITY OF NOTRE DAME DU LAC, Defendant.**

**Beth B. KERN, Plaintiff,**

v.

**UNIVERSITY OF NOTRE DAME DU LAC, Defendant.**

**Nos. 3:96CV405 AS, 3:96CV406 AS.**

United States District Court,
N.D. Indiana,
South Bend Division.

March 30, 1998.

———

John C. Hamilton, Doran Blackmond Ready Hamilton and Williams, South Bend, IN, Charles S. Leone, Melanie S. Tuttle,

Botkin Leone and Eslinger, South Bend, IN, for Sonia Goltz and Beth B. Kern, plaintiffs.

Lawrence C. DiNardo, Jill R. Bodensteiner, Seyfarth Shaw Fairweather and Geraldson, Chicago, IL, William P. Hoye, Teresa A. Maginn, University of Notre Dame, Notre Dame, IN, for University of Notre Dame Du Lac, defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This case is set for trial less than six weeks from now and it is the obvious burden of this court, as well as counsel, to attempt in some reasonable fashion to be prepared for that event which is of constitutional dimension under the Seventh Amendment of the Constitution of the United States. *See Latino v. Kaizer,* 58 F.3d 310 (7th Cir.1995). A preliminary look at the docket sheets in these cases indicates that in one case there are 143 items, and in the other, 158. The official court file in each case is now approximately 18 inches in depth. In nearly two and one half decades of attempting to try and decide complex civil cases, this court cannot recall a case in which so much extraneous paper has been generated. This includes massive patent cases which have been tried by this court. *See Reynolds Metals Co. v. Aluminum Co. of America,* 457 F.Supp. 482 (N.D.Ind.1978). It is obvious that someone on one side of this case or another, perhaps at an early stage, adopted what can only generously be described as a scorched earth approach to this litigation. When that is done, it generally breeds the same kind of conduct from the opposition. This is readily apparent from this record. It also does not appear that any kind of judicial chastisement on the subject has any affect whatsoever, so this court is tasked to wade through a convoluted and unduly complicated record to proceed for trial. A reminder of this court's long experience also needs to be stated. This court has often observed that those who have commenced the so-called scorched earth policy can have it turn around and bite them! No one would deprive either of these parties of their day in court before a jury with those issues that are triable by a jury. *See Beacon*

*Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

The defendant's motion to strike supplemental trial brief of the plaintiff, Sonia Goltz, filed December 23, 1997, is **DENIED.** This court is keenly aware of what is contained in the extensive published decision in *Venters v. City of Delphi,* 123 F.3d 956 (7th Cir.1997), and has that case reset for trial in Lafayette, Indiana in the immediate future. The defendant has filed a series of motions in limine in an obvious attempt to flush out evidentiary rulings in advance of trial. All are now denied with leave to revisit same in the context of actual trial.

This court will not foreclose the testimony of Gary Kern to the extent that it is competent and relevant to the issue in this case. Since the issue of so-called future damages has been raised in this case, a very significant decision emanating from this court has been decided and the same must be carefully considered by counsel as well as the court. *See Williams v. Pharmacia, Inc.,* 137 F.3d 944 (7th Cir.1998). To the extent that the factual predicate may be or become present in this record, this court will follow, as it must, the teaching in *Williams,* and counsel must give close attention to its teaching.

This is not a class action under Rule 23 and this court will draw a very hard line on any effort by these plaintiffs to prove discrimination against others. Such invites trials within trials and this court will attempt to keep the evidence limited to conduct involving these plaintiffs and this defendant.

Certainly, this court is not going to retry the *Dolores Frese* case which was before this court more than 20 years ago. In spite of the best efforts of the defendant, this court will not per se exclude the testimony of Benjamin Radcliff, although the court may narrow its scope considerably.

In accord with the pretrial proceedings held for one hour and fifteen minutes on November 24, 1997, this court will now turn its attention to the defendant's motion for summary judgment in the Goltz case, 3:96cv0405 AS. Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together

with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Russo v. Health, Welfare & Pension Fund, Local 705*, 984 F.2d 762 (7th Cir.1993). A thorough discussion of Rule 56 can be found in a trilogy of cases decided in 1986 by the Supreme Court of the United States. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S., at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S., at 248, 106 S.Ct. 2505. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920–21 (7th Cir. 1994); *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir.1991), nor may that party rely upon conclusory allegations in affidavits. *Cusson–Cobb v. O'Lessker*, 953 F.2d 1079, 1081 (7th Cir.1992).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Smith v. Fruin*, 28 F.3d 646, 650 (7th Cir.1994), *cert. denied*, 513 U.S. 1083, 115 S.Ct. 735, 130 L.Ed.2d 638 (1995); *Brennan v. Daley*, 929 F.2d 346, 348 (7th Cir.1991). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252–55, 106 S.Ct. 2505.

The 1986 Supreme Court trilogy was later reexamined in *Eastman Kodak v. Image Technical Servs.*, 504 U.S. 451, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992), a case born in the context of antitrust law. The most that can be said for *Eastman Kodak*, however, is that it did not tinker with *Celotex* and *Anderson*, and possibly involves an attempt to clarify *Matsushita*. This view is well-supported by an in-depth academic analysis in Schwarzer, Hirsch, and Barrans, *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441 (1992). In looking through the mass of paper generated in this case, it is probable that at some point someone is going to attempt to either invoke or resist invocation of the teaching of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). As a matter of advance education, the district judges have been given yet a larger bundle of discretion in regard to these matters very recently in the Supreme Court of the United States. *See General Electric Co. v. Joiner*, 522 U.S. 136, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). Recent decisions in this circuit are in accord with the discretion implicit in *General Electric* and *Daubert*. *See, for example, Burns Philp Food Inc. v. Cavalea Continental Freight, Inc.*, 135 F.3d 526 (7th Cir.1998).

Some very close questions are presented by this motion for summary judgment. It may, and probably will be necessary for this court to closely review the issues presented at the end of the plaintiffs' case. But these issues are so interwoven and intertwined with issues of credibility and intent that this court cannot find a principled way to grant summary judgment as a matter of law on any of the essential issues raised by the defendant. The blunt judgment as a matter of law on any of the essential issues raised by the defendant. The blunt fact is that the massive record, much of which has been generated by the defendant, inures to the defen-

dant's disbenefit in ruling on summary judgment. Last week, cases were argued before the Supreme Court of the United States that *might* bear on those cases. If decisions are issued which impact these cases, such will duly be taken up.

The defendant is not being punished by this ruling, but it is simply a part of the reality of complex litigation that with this high volume of material it is virtually impossible to grant summary judgment on the motion which has been pending since August 29, 1997. Therefore, the aforesaid motion must be **DENIED** with the distinct understanding that the issues there presented will be carefully revisited upon any motion for directed verdict made at the end of the plaintiff's case during the trial.

By attached Appendix "A" hereto, specific rulings are reflected as to specific motions. Appendix "B" is attached to reflect rulings in case 406. The court must now turn its attention to the Kern case, 3:96cv0406 AS.

Likewise, the motion for summary judgment in Kern has been pending since August 29, 1997, and for the very same reasons, it must be **DENIED** with the distinct understanding that there will be a revisit upon any motion for directed verdict at the end of the plaintiffs' case. The hard realities of this situation are that the tactic of piling of paper on top of ·paper and then to expect a busy judicial officer with a heavy trial docket to wade through every piece of it and then grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure is simply self defeating. This court has attempted to go through the appreciation of the evidentiary implication of each. It is to be hoped that this mess can be sorted down by the time of and during the jury trial in this case.

In this regard, the plaintiffs should be warned that they too have an obligation to sort their 'part of this mess down to relevant and competent evidence. Additionally, a fully executed pretrial order, signed by counsel for all parties, must be filed without further delay.

A warning also needs to be issued to counsel for both of these plaintiffs. This ruling is not a license for these plaintiffs to engage in much of the conduct that it is suggested they intend to employ. This court has every intention of keeping this case limited to the issues in this case, and will do so as evenhandedly as possible to all concerned. This court will use its full authority to require counsel in this case to promptly and professionally advance any and all relevant arguments, but will not tolerate extraneous or improper conduct by anyone on behalf of anyone in this case. It is strongly suggested that both of these cases be returned to the magistrate judge charged with conducting a settlement conference before all concerned become involved in what could well be an agonizing and protracted public process. **IT IS SO ORDERED.**