Vernon D. WIMBERLY, Plaintiff,

v.

ILLINOIS CENTRAL RAILROAD,
Defendant.

No. 01–CV–2203.

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

June 24, 2002.

Vernon D. Wimberly, Decatur, IL, Pro se.

Peter R. Jennetten, Esq., Matthew J. Maddox, Esq., Quinn, Johnston, Henderson & Pretorius, Springfield, IL, for Defendant.

## ORDER

McCUSKEY, District Judge.

On August 21, 2001, Plaintiff, Vernon D. Wimberly, filed his Complaint (# 3) against Defendant, Illinois Central Railroad. Plaintiff alleged that Defendant violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) by discriminating against him on the basis of his race. On January 24, 2002, Defendant filed a Motion for Summary Judgment (# 9) with supporting documentation and a Memorandum of Law in Support (# 10). On April 2, 2002, Plaintiff filed his own Motion for Summary Judgment (# 13) with a statement of facts entitled "Introduction." On April 26, 2002, Defendant filed a Motion to Strike and Response to Plaintiff's Motion for Summary Judgment (# 14). Following this court's careful review of the documents submitted by Defendant and the arguments of the parties, Defendant's Motion to Strike (# 14) is DENIED, Defendant's Motion for Summary Judgment (# 9) is GRANTED, and Plaintiff's Motion for Summary Judgment (# 13) is DENIED.

## FACTS

The following facts are taken from Defendant's Statement of Undisputed Material Facts. In the fall of 1998, Plaintiff applied for a position with Defendant as Locomotive Engineer and was accepted into the training program effective January 11, 1999. There were eight locomotive engineer trainees in Plaintiff's class. Seven of the trainees were white, and Plaintiff was the only black locomotive engineer trainee in the class.

Defendant is a railroad subject to the provisions of the Federal Railroad Administration (FRA). Part 240.209(a) of the FRA Regulations provides: "Prior to initially certifying ... any person as an engineer ... [a railroad] shall determine that the person has ... demonstrated sufficient knowledge of the railroad's rules and practices for the safe operation of trains." Part 240.209(i) of the FRA Regulations further states that an applicant for an engineering position must exhibit "his or her knowledge by achieving a passing grade in testing that complies with this part."

On the first day of training, the locomotive engineer trainees, including Plaintiff, were informed that they would be given two chances to pass the required knowledge examination. Following four days of classroom instruction, a written exam was administered to all eight locomotive engineer trainees. Six of the eight trainees scored 90% or better on the exam and passed the exam. Plaintiff and Charles Poling did not score 90% or better. Plaintiff received a score of 70.5% and Poling received a score of 89.4%. Both Plaintiff and Poling were advised that they would be given one month to study before taking a second and final test. On February 23, 1999, the exam was administered again. Poling passed the test with a score of 97.1%. Plaintiff failed the test with a score of 85.9%, which was not a passing score. Plaintiff was the only individual who failed to pass the knowledge exam on either try.

Plaintiff was removed from the training program after he failed to pass the required knowledge exam on February 23, 1999. He was given a Notice of Pending Denial of Certification, which he and his supervisor signed. Plaintiff was given ten days to explain or rebut, in writing, the adverse information prior to denial of certification. He did not do so, and his em-

ployment was terminated because he failed to pass the required knowledge examination.

Plaintiff does not dispute any of these facts. However, in his "Introduction" attached to his Motion for Summary Judgment, Plaintiff stated that, at the time he applied for the locomotive engineer position, he was employed with Florida Central Railroad as an Engineer/Conductor. He stated that he was "fully aware of all FRA, AAR, and DOT rules and regulations." He stated that he was not told prior to the first day of training that "if anyone failed the second test they would be discharge[d]." He stated that if he had been "given that pertinent information," it would have allowed him "to make a logical decision, base[d] on Company policies and procedures." Plaintiff stated that "[p]rior to employment every Loco Engineer new hire should be aware of all the rules in [regards] to the job, especially when you are resigning one job" and moving to another job more than 1500 miles away.

## ANALYSIS

### I. MOTION TO STRIKE

■ Defendant argues that Plaintiff's Motion for Summary Judgment should be stricken as it is unsupported by any affidavits, deposition testimony or other admissible evidence. However, this court notes that the Local Rules of the Central District of Illinois specifically provide that Local Rule 7.1(D), which sets out the requirements for a motion for summary judgment, "does not apply to pro se litigants." Accordingly, Defendant's Motion to Strike (# 14) is DENIED, and this court will consider the arguments and factual statements included in Plaintiff's Motion for Summary Judgment (# 13).

## II. MOTIONS FOR SUMMARY JUDGMENT

### A. SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial. *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir.1994). In making this determination, the court must consider the evidence in the light most favorable to the party opposing summary judgment. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). However, neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment. *Debs v. Northeastern Ill. Univ.,* 153 F.3d 390, 394 (7th Cir.1998). To survive summary judgment, the plaintiff must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. *Celotex Corp.,* 477 U.S. at 322–23, 106 S.Ct. 2548; see also *Shank v. William R. Hague, Inc.,* 192 F.3d 675, 681 (7th Cir.1999).

This court further notes that the Seventh Circuit has instructed that pro se litigants are entitled to notice of the consequences of failing to respond to a summary judgment motion, and that they should also be advised that any factual assertion

in the movant's papers would be taken as true unless contradicted through counter-affidavits or other documentary evidence. *See Timms v. Frank,* 953 F.2d 281, 285 (7th Cir.1992). In this case, Plaintiff received a notice regarding the consequences of failing to respond to Defendant's Motion for Summary Judgment (# 11). However, this notice did not include a specific statement that any factual assertions in the Motion for Summary Judgment would be taken as true unless contradicted through counter-affidavits or other documentary evidence. In any case, Plaintiff did file his own Motion for Summary Judgment, presumably in response to Defendant's Motion for Summary Judgment, and this court notes that its decision on the motions for summary judgment is not the result of any failing on Plaintiff's part to present documentary evidence. *See Wheeler v. Illinois Inst. of Tech.,* 1999 WL 965240, at *2 n. 2 (N.D.Ill.1999).

### B. PLAINTIFF'S TITLE VII CLAIM

■ Under Title VII, it is "an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... race." 42 U.S.C. § 2000e–2(a)(1). However, contrary to the belief of many disgruntled plaintiffs, "[n]ot every adverse employment decision gives rise to a federal discrimination claim." *See Schmidt v. Runyon,* 20 F.Supp.2d 1246, 1247 (C.D.Ill.1998).

■ Disparate treatment, in violation of Title VII, "occurs when a plaintiff is intentionally treated less favorably than others simply because of his race, color, religion, sex or national origin." *Vitug v. Multistate Tax Comm'n,* 88 F.3d 506, 513 (7th Cir.1996). Accordingly, proof of intentional discrimination is required to prevail under a disparate treatment analysis.

*Gonzalez v. Ingersoll Milling Mach. Co.,* 133 F.3d 1025, 1031 (7th Cir.1998). The plaintiff bears the ultimate burden of demonstrating an impermissible motive or intent. *Vakharia v. Swedish Covenant Hosp.,* 190 F.3d 799, 807 (7th Cir.1999), *cert denied,* 530 U.S. 1204, 120 S.Ct. 2197, 147 L.Ed.2d 233 (2000).

■ A claim of employment discrimination can be proved by showing direct or indirect evidence of discrimination. *Vakharia,* 190 F.3d at 806. A plaintiff relying on indirect evidence proceeds under the burden-shifting method set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Vakharia,* 190 F.3d at 806. Plaintiff has not stated that he has any direct evidence of discrimination on the basis of race and, therefore, must proceed using the *McDonnell Douglas* burden-shifting method to prove his claim of discrimination. Under this method, the plaintiff must first establish a prima facie case of discrimination. *Radue v. Kimberly–Clark Corp.,* 219 F.3d 612, 617 (7th Cir.2000). To establish a prima facie case of racial discrimination, Plaintiff must show that: (1) he was a member of a protected class; (2) he applied for and was qualified for an open position; (3) he was rejected for the position; and (4) the position was filled with a person not in the protected class or remained open. *Gorence v. Eagle Food Centers, Inc.,* 242 F.3d 759, 764–65 (7th Cir. 2001).

■ Defendant argues that Plaintiff cannot make out a prima facie case of discrimination because he cannot show that he was qualified for the position of locomotive engineer. This court agrees with Defendant that it is undisputed that Plaintiff failed to pass the required knowledge exam. It is also undisputed that the other seven trainees in Plaintiff's class did pass the knowledge exam. Plaintiff ar-

gues, however, that he should have been advised, prior to the time he came to Illinois for training, that anyone who did not pass the second test would be discharged. This court concludes that this argument simply does not help Plaintiff meet his burden to establish a prima facie case of discrimination on the basis of race.[1] Defendant notes that Plaintiff has acknowledged that he was "fully aware of all FRA, AAR, and DOT rules, and regulations." Defendant argues that Plaintiff cannot then maintain that he was not aware that an applicant for an engineer position must achieve a passing grade on the knowledge examination. Further, Defendant notes that Plaintiff admitted that he learned on the first day of training that he would be discharged if he failed both the first and second test.

In this case, Plaintiff did not pass the required knowledge exam and cannot show that he was qualified for the locomotive engineer position. Accordingly, this court agrees with Defendant that Plaintiff cannot meet his burden to establish a prima facie case of race discrimination. Therefore, this court concludes that Defendant's Motion for Summary Judgment must be granted and that Plaintiff's Motion for Summary Judgment must be denied.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Strike (# 14) is DENIED.

(2) Defendant's Motion for Summary Judgment (# 9) is GRANTED.

(3) Plaintiff's Motion for Summary Judgment (# 13) is DENIED.

(4) Judgment is entered in favor of Defendant and against Plaintiff. This case is terminated.

---

1. In his Introduction, Plaintiff stated that all of his classmates were very much aware of the requirement that they would have to pass the test. Plaintiff seems to be arguing that the other students were informed of this requirement before training started. However, Plaintiff is not very clear on this point. Defendant has provided an Affidavit which states that none of the locomotive engineer students were told, during the interview process, that they would be required to achieve a score of 90% or better on the written exam. This court concludes that, even if it accepted Plaintiff's argument, Plaintiff still cannot meet his burden to establish a prima facie case of discrimination where he did not pass the exam and the other students, who were not terminated, did pass the exam.