Marilyn I. **ELLMAN**, Plaintiff–Appellant,

v.

**WOODSTOCK # 200 SCHOOL DISTRICT**, Defendant–Appellee.

Nos. 01–1779, 01–3777.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 18, 2003.*

Decided March 5, 2003.

Rehearing En Banc Denied May 13, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

## ORDER

Marilyn Ellman, a school psychologist, sued her employer, Woodstock # 200 School District, raising a variety of claims under Title VII and Illinois law. The essence of these claims was Ellman's belief that Woodstock was discriminating against her because of her age and gender. The district court granted summary judgment for Woodstock, and the court subsequently granted in part Woodstock's request for costs and attorneys' fees. Ellman appeals the district court's grant of summary judgment (this is No. 01–1779) and award of costs and fees (this is 01–3777), and in both appeals we affirm.

In February 2000 Ellman filed her third amended complaint in this case. She alleged that Woodstock assigned her to a storage area without windows for an office and to a substandard classroom; required her to work overtime without pay; threatened her with unwarranted discipline and negative performance evaluations; and twice did not inform her when school was canceled due to inclement weather. She raised a number of claims under Illinois law and Title VII, and both parties moved for summary judgment.

In ruling on the summary-judgment motions, the district court noted that Ellman's filings suffered from a number of deficiencies. With respect to Woodstock's motion, Ellman failed to respond to Woodstock's statement of facts, much less respond to each numbered paragraph with citations to the record, as was her obligation under Local Rule 56.1. This was the case even after Woodstock informed her by letter of her failure to comply with Rule 56.1 and she moved for and was given an extension by the court to correct this deficiency. With respect to her own motion for summary judgment, Ellman's statement of material facts failed to include required citations to the record and was replete with legal arguments and legal conclusions. The affidavit she filed with her motion likewise contained numerous statements that were speculative or not based on personal knowledge. In addition, months after filing her motion and affidavit, she filed without the court's permission a "Supplementary Affidavit" and "Second Supplementary Affidavit," each containing numerous attachments. Based on these deficiencies, the district court accepted Woodstock's unresponded to statement of facts as true and struck those portions of Ellman's statement of facts and affidavit that contained legal arguments, conclusions, speculation, or did not have support in the record. The court also struck her untimely supplemental filings as "a complete derogation of the rules."

Turning to the merits, the court denied Ellman's motion based on a "complete lack

of evidence." The court granted Woodstock's motion, concluding that Ellman (1) was collaterally estopped (issue preclusion) from bringing claims based on overtime pay and previous performance evaluations because she already had litigated unsuccessfully the issues underlying those claims, *see Ellman v. Hentges,* 165 F.3d 31 (7th Cir.1998) (unpublished order); (2) was barred from bringing her claim under the Illinois Human Rights Act for failure to exhaust administrative remedies; and (3) failed to make out a prima facie discrimination case because she had not shown that she suffered an adverse employment action.

After Ellman appealed this decision, Woodstock moved for costs and attorneys' fees, *see* Fed.R.Civ.P. 54, which the district court granted in part—awarding costs and fees only for issues that Ellman had litigated previously and therefore should have known were frivolous ($254.70 in costs and $925 in fees).

■ On appeal Ellman challenges an array of procedural rulings, including the district court's decision to strike portions of her statement of facts and affidavit, to accept Woodstock's statement of facts after Ellman failed to respond to it, and not to accept her untimely filings. She maintains that these rulings were improperly based on "technical non-compliance," which should have been overlooked because she is a pro se litigant.

While we do construe pro se filings liberally, even pro se litigants must follow procedural rules and district courts have discretion to enforce those rules. *Metro. Life Ins. Co. v. Johnson,* 297 F.3d 558, 562 (7th Cir.2002); *Greer v. Bd. of Educ. of Chicago,* 267 F.3d 723, 727 (7th Cir.2001). The requirements for pro se litigants in responding to summary-judgment motions are "not onerous," *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir. 1994), and we disagree that Ellman's defi-

ciencies were mere technicalities. Employment-discrimination cases are "extremely fact–intensive"—the district court was not required to make up for Ellman's failure to respond to Woodstock's statement of facts by hunting through her mass of filings to search for disputed factual issues. *See Greer,* 267 F.3d at 727. Moreover, the district court's decision to strike only the portions of her filings that were conclusory, speculative, or not based on personal knowledge did not prejudice Ellman because those portions would not have helped her motion for summary judgment anyway. *See* Fed.R.Civ.P. 56(e). Ellman does not explain how her case differs from the many in which we "have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment." *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 527 (7th Cir.2000). Nor do we see any difference. The district court did not abuse its discretion in how it dealt with Ellman's procedural deficiencies.

■ Ellman also challenges the award of costs and attorneys' fees on the ground that Woodstock's motion was untimely. She points out that Federal Rule 54(d)(2)(B) states that a motion for costs "must be served or filed no later than 14 days after entry of judgment" and Woodstock filed its motion on May 25, 2001 (88 days after the district court's judgment). The 14–day requirement of Rule 54(d)(2)(B), however, is preceded by a proviso—namely, that the timing and other listed requirements do not apply if "otherwise provided by statute or order of the court." Local Rule 54.3 extends the timing requirement to 90 days. We have already determined that local rules are orders of the court for purposes of Federal Rule 54(d)(2)(b), and thus valid modifications of the 14–day requirement. *Johnson*

*v. Lafayette Fire Fighters Assoc. Local 472*, 51 F.3d 726, 730 (7th Cir.1995). Because Woodstock's motion was filed within 90 days, it was timely.

The district court's judgment and award of costs and fees are AFFIRMED. Woodstock's motion to strike the new arguments and the documents, which Ellman provides in her reply brief for the second appeal (01–3777), that are not part of the record is GRANTED. We order Ellman to show cause within 14 days why we should not impose sanctions against her for filing these frivolous appeals. Within that time, Woodstock should submit a statement of its costs and fees for these appeals.