Mae CAMPBELL, Plaintiff–Appellant,

v.

John E. POTTER,* Postmaster General of the United States, Defendant–Appellee.

No. 02–3211.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 28, 2003.

Decided March 11, 2003.

Before Hon. ILANA DIAMOND ROVNER, Hon. TERENCE T. EVANS, and Hon. ANN CLAIRE WILLIAMS, Circuit Judges.

---

* Pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure, John E. Potter has been substituted for William Henderson inso-far as the suit is against Henderson in his official capacity.

## ORDER

Since 1975, Mae Campbell has been employed as a nurse at the Postal Service's center of operations in Chicago. Over the course of her employment, Campbell has filed a series of EEOC complaints, and at least one district court lawsuit, alleging discrimination based on sex, race, color, religion, age, disability, and retaliation, and has assisted others in filing such charges.

Campbell alleges that her former supervisor, Joseph Ellis, took various actions against her in retaliation for her anti-discrimination filings. She claims, for instance, that Ellis denied several of her leave requests; disciplined her for what she considers to have been justified absences from work; removed or threatened to remove from the nurses' workspace a typewriter with which she prepared anti-discrimination complaints; interfered with an injury compensation claim that she filed after hurting her shoulder in a workplace accident; and refused to honor the medical work restrictions resulting from that accident. To show that these actions were retaliatory, Campbell cites statements that Ellis allegedly made expressing frustration with her complaints and threatening to "get back" at her.

The district court found that none of Campbell's claims would support a retaliation claim, either for want of admissible evidence or for lack of severity. The court therefore granted the Postal Service's motion for summary judgment. Campbell now argues that the court erred by analyzing each of the alleged incidents separately. She suggests that those incidents, considered cumulatively, illustrate a pattern of retaliatory harassment.

A review of the record shows, however, that even accounting for the overall impact of the alleged incidents, summary judgment would still be appropriate because almost none of Campbell's allegations are supported by admissible evidence. *See Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir.1994) ("[I]f the nonmovant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court *must* enter summary judgment against her."). Other than Campbell's own speculation, we are unable to find–and counsel at argument was unable to identify–any evidence in the record that Ellis treated Campbell differently from anyone else with respect to leave requests; that Ellis's discipline of Campbell was anything other than routine; that Ellis interfered with her injury compensation claim; or that Ellis refused to honor (or even knew about) Campbell's medical work restrictions. And although there is admissible evidence—namely, Campbell's own deposition testimony—that Ellis threatened to move the office typewriter, it is clear that this does not by itself demonstrate an actionable pattern of harassment. *See Place v. Abbott Laboratories*, 215 F.3d 803, 810 (7th Cir.2000) (trivial complaints will not support a Title VII claim of retaliation).

AFFIRMED.