**Ortha L. EARL, Plaintiff–Appellant,**

v.

**Rosario C. BELGADO, as Personal Representative of Dr. Paulino Belgado, deceased, Defendant–Appellee.**

No. 02–3216.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 12, 2004.*

Decided Nov. 22, 2004.

Before COFFEY, ROVNER, and SYKES, Circuit Judges.

## ORDER

Wisconsin prisoner Ortha Earl, who suffers from sickle cell anemia, brought this lawsuit under 42 U.S.C. § 1983 claiming that Dr. Paulino Belgado, a prison physician, was deliberately indifferent to his medical needs in violation of the Eighth Amendment when he failed to prescribe narcotics to manage Earl's chronic pain. The district court granted summary judgment for Belgado, and Earl now appeals, contending that he was unable to respond to Belgado's motion because he was hospitalized at the time summary judgment was granted.

Earl filed suit in June 2000. On March 7, 2001, Belgado moved for summary judgment. Under local rules, Earl was required to respond within 30 days, but failed to do so. U.S. Dist. Ct. Rules, E.D. Wis., Civ. L.R. 7.1(c). On May 15, 2001, after realizing that Earl had not responded, the district court granted him an extension until June 18, 2001. Shortly before that date, Earl asked for another 90 days, and the district court gave him almost five more months until November 13, 2001. In early November 2001, Earl filed a motion to hold the lawsuit in abeyance, citing his ongoing search for a lawyer and the limited availability of the prison law library. On February 7, 2002, the district court denied Earl's motion and after 11 months with still no response from Earl,

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

granted Belgado's motion for summary judgment.

On appeal, Earl does not point to any error in the order granting summary judgment. Instead, he simply contends that he was unable to respond to Belgado's motion for summary judgment because he was confined to the prison infirmary for three weeks following a hospitalization on February 5, 2002. Earl's illness, however cannot explain his failure to respond, given that the deadline for responding—November 13, 2001—had long passed by the time Earl was hospitalized. Indeed, all but a few days of Earl's confinement in the infirmary occurred after the district court had granted summary judgment. When an adverse party does not respond, summary judgment may be entered against that party. Fed.R.Civ.P. 56(e); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir.1994). In this case, the district court went out of its way to afford Earl a meaningful opportunity to respond, but the court still retained discretion to manage the cases before it. *See Fillmore v. Page*, 358 F.3d 496, 510 (7th Cir.2004). Entering judgment after 11 months of inaction by Earl cannot be characterized as an abuse of discretion. *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir.1996) (holding that a judge has a right to expect deadlines to be honored). Accordingly we affirm the entry of summary judgment in favor of Belgado.

AFFIRMED