NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 29, 2007
Decided April 3, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-3445

| | |
|---|---|
| BARRY SEAGRAVE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, Indianapolis Divison |
| *v.* | |
| | No. 1:05-cv-890-DFH-VSS |
| UNITED STATES OF AMERICA, | |
| *Defendant-Appellee.* | David F. Hamilton, *Judge.* |

## O R D E R

Barry Seagrave owed federal income taxes for 1989 and 1990. The IRS assessed the taxes on November 29, 1993, and finally collected them between February and April 2004. Seagrave sued for a refund, *see* 28 U.S.C. § 1346(a)(1), arguing that the IRS did not initiate collection activity within the ten-year time limit imposed by 26 U.S.C. § 6502(a). The district court granted summary judgment for the government on the ground that Seagrave twice proposed installment payment plans which extended the deadline for collection until September 2004. Seagrave appeals and we affirm.

The government concedes that the IRS did not seek to collect the back taxes

within the original ten-year deadline. At summary judgment, however, the IRS tendered affidavit testimony from an agency employee who said he determined by reviewing computerized records that twice during the ten-year period Seagrave proposed paying in installments. The employee testified that Seagrave first proposed an installment plan on July 25, 2002. The IRS accepted that plan on August 22, 2002, but then Seagrave failed to make the required payments. According to the IRS employee, Seagrave then proposed a second installment plan on November 21, 2002. The IRS rejected this proposal on July 5, 2003. Based on this testimony, the government argued that the IRS was timely when it finally levied on Seagrave's wages because the limitations period was suspended a total of 254 days while his proposals were under consideration, 26 U.S.C. §§ 6331(k)(2)(A), 6503(a)(1), and for an additional 30 days after the second offer was rejected, *id.* § 6331(k)(2)(B). *See* 26 C.F.R. § 301.6331-4(c)(1).

Because Seagrave was unrepresented, the government notified him, *see Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982), that under Local Rule 56.1 the district court would accept as true its version of the facts unless he offered specific, admissible contradictory evidence. *See* S.D. Ind. Local R. 56.1(b), (e). Despite this admonishment, however, Seagrave replied with an unsworn, two-paragraph response insisting that the IRS had "not proved its case" because it had "not provided the court with any written proof of the installment agreements [it was] alleging." Seagrave added that he was unable to discern any entries on the IRS transcripts of account in his possession reflecting "transactions of an installment agreement." The district court held that Seagrave failed to comply with the local rule and thus concluded that the government's evidence that he twice proposed installment plans was undisputed. Those proposals, the court reasoned, had extended the collection deadline to September 8, 2004, making the levy in February timely.

On appeal Seagrave reprises his contention that the government failed to prove the existence of an installment agreement because the government did not produce evidence of a *written* agreement. But Seagrave misses the point. Although the Internal Revenue Code and IRS regulations do seem to suggest that any *approved* installment agreement between taxpayers and the IRS must be in writing, *see* 26 U.S.C. § 6159(a); 26 C.F.R. § 301.6159-1(b)(2), we can find no requirement that a taxpayer's initial *request* for an installment agreement also be in writing. *See* http://www.irs.gov/faqs/faq-kw93.html (last visited March 20, 2007) (informing taxpayers who owe money that they may use form or call toll-free number to request installment agreement). And since at summary judgment Seagrave never denied under oath (indeed, he has never denied at all) that he twice proposed installment plans that the IRS considered, the district court correctly credited the government's representation that it spent 254 days considering Seagrave's proposals. *See* S.D. Ind. Local R. 56.1(a); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d

918, 922-23 (7th Cir. 1994) (explaining that where non-moving party at summary judgment neglects to meet requirements of Rule 56.1, court will assume facts presented by moving party as true); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (stating that in ordinary civil litigation even pro se litigants must follow procedural rules)*; Ammons v. Aramark Unif. Serv., Inc.*, 368 F.3d 809, 817 (holding that district court entitled to expect strict compliance with Rule 56.1, not merely substantial compliance). Because this review period and the IRS's rejection of Seagrave's second request extended the collections deadline a total of 284 days, *see* 26 U.S.C. §§ 6331(k)(2)(A), (B), 6503(a)(1), and rendered the tax levy timely, the district court properly granted the government's motion for summary judgment.

AFFIRMED.