**U.S. EQUAL EMPLOYMENT OPPOR-TUNITY COMMISSION, Plaintiff,**

v.

**RENT–A–CENTER EAST, INC., Defendants.**

**Case No. 16–CV–2222**

United States District Court, C.D. Illinois, Urbana Division.

Signed September 8, 2017

Justin Mulaire, New York, NY, Miles Ezekiel Shultz, Gregory M. Gochanour,

John C. Hendrickson, United States Equal Employment Opportunity Commission, Chicago, IL, for Plaintiff.

James Bradley Spalding, Littler Mendelson PC, Houston, TX, Michael Andre Wilder, Lavanga V. Wijekoon, Littler Mendelson PC, Chicago, IL, Andrew Monroe Trusevich, Plano, TX, Stephanie J. Quincy, Quarles & Brady LLP, Phoenix, AZ, for Defendants.

## ORDER

### COLIN S. BRUCE, U.S. DISTRICT JUDGE

This case is before the court for ruling on the Motion for Summary Judgment (# 36) filed by Defendant Rent–A–Center East, Inc., Defendant's Motion for Hearing (# 37), and the Motion for Partial Summary Judgment (# 38) filed by Plaintiff, U.S. Equal Employment Opportunity Commission (EEOC). This court has carefully reviewed the Motions, the parties' Responses (# 41, # 42), the parties' Replies (# 43, # 44) and all of the exhibits provided by the parties. Following this careful and thorough review, Defendant's Motion for Summary Judgment (# 36) is DENIED, Defendant's Motion for Hearing (# 37) is DENIED, and the EEOC's Motion for Partial Summary Judgment (# 38) is DENIED.

### FACTS [1]

Megan Kerr (formerly known as Jason Kerr) was employed by Defendant beginning in May 2005.[2] From May 2011 until her discharge in July 2014, Kerr worked at Defendant's store in Rantoul, Illinois. Russell Kasper was the store manager at that location from March 2013 to December 2013. In March 2013, Jason Kerr informed Kasper that he was transitioning to a female and that he had changed his name to Megan Kerr. Kasper informed his District Manager, Jason Carnahan, about the transition in March 2013. Kasper claims that, after he informed Carnahan that Kerr was transitioning, Carnahan told him to look for ways to fire Kerr. Kasper testified that Carnahan asked him "roughly" every week about the "status" of getting rid of Kerr. Kasper was fired in December 2013 by Carnahan. Kasper has stated that he believes at least part of the reason he was fired was because he did not terminate Kerr's employment with Defendant.

After Kasper was fired, Jason Morris was hired as store manager for Kerr's store. On July 20, 2014, a Sunday, Kerr used a company delivery vehicle to move some furniture for Amber Shumate. Amber Shumate purchased furniture from Defendant between February and April 2014 and had the furniture in storage.[3] According to Kerr, she had permission from Morris to use the vehicle that Sunday. Kerr testified that on Saturday, July 19, 2014, Morris gave Kerr the keys to the vehicle so she could use it on Sunday. Kerr's story about her use of the vehicle that Sunday has changed dramatically over time. She maintained at one time that she used the vehicle to move homeless people from a shelter into a home. Kerr has also stated that she moved furniture for Shumate as part of a charitable event held by the Masons. Defendant insists that the evi-

---

1. The facts are taken from the parties' Statements of Undisputed Facts, and supporting documents, and Statements of Additional Facts, and supporting documents. This court has only considered facts which would be admissible at trial and which are adequately supported and material to the issues in this case.

2. Kerr's last name is now Vanna. To avoid confusion, this court will follow the parties' lead and refer to her as Kerr.

3. Shumate testified that the furniture was stored at her mother-in-law's house while Kerr testified that it was stored in a "mini-storage" unit.

dence shows that the Masons were not involved in moving Shumate's furniture. Both Kerr and Shumate testified that Russell Wiedemann, a member of the Masons, was involved in the delivery. However, Wiedemann testified that the Shumate move was not a Mason-sponsored event.

The following Monday, July 21, 2014, Morris fired Kerr for using Defendant's vehicle. Morris had Carnahan's approval to fire Kerr. Morris and Carnahan maintain that Kerr was terminated for improper use of Defendant's delivery vehicle, because they say that Kerr used the vehicle to move her own personal belongings. Defendant has a policy that prohibits store employees from "[u]sing Company property (including company vehicles) for personal use." Kasper testified that, during his employment with Defendant, he used a company vehicle on a Sunday on occasion for charitable events. He said that, to use company property for any charitable event, an employee would need permission from the district manager.

After her termination, Kerr attempted to find a new job. She worked part-time for Demon Dawgs near Chicago from May 8, 2016 until August 30, 2016. On August 1, 2016, she obtained part-time employment at Guitar Center, which became full time employment later in 2016.

## PROCEDURAL HISTORY

On July 18, 2016, the EEOC filed a Complaint (# 1) under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Megan Kerr, an individual who was adversely affected by such practices. Plaintiff alleged that Defendant violated Title VII when it discharged Kerr because she is transgender and/or because of her gender transition. On August 8, 2016, Defendant filed its Answer and Affirmative Defenses (# 9).

## PENDING MOTIONS

### SUMMARY JUDGMENT MOTIONS

On June 13, 2017, Defendant filed a Motion for Summary Judgment (# 36), with attached exhibits. Defendant argued that Kerr "has made such materially inconsistent and objectively unprovable statements that there is simply no way to reconcile them in order to find in the EEOC's favor."

Also on June 13, 2017, Plaintiff filed a Motion for Partial Summary Judgment (# 38). Plaintiff argued that it was entitled to summary judgment on Defendant's affirmative defense of failure to mitigate. Plaintiff argued that the evidence in this case shows that Kerr made substantial efforts to obtain employment after her termination by Defendant, and eventually succeeded in finding a job. The EEOC stated that it has cut off its claim for lost wages as of when Kerr obtained employment at Guitar Center on August 1, 2016. The EEOC argued that Defendant cannot demonstrate that Kerr failed to engage in a reasonable search for comparable employment for the two year period prior to that time.

Both motions are fully briefed and ready for ruling.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the

955

evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). "At summary judgment, 'a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder.'" *Paz v. Wauconda Healthcare & Rehab. Ctr., LLC*, 464 F.3d 659, 664 (7th Cir. 2006), *quoting Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003); *see also Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. "Any doubt as to the existence of a genuine issue for trial is resolved against the moving party." *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010), *citing Anderson*, 477 U.S. at 255, 106 S.Ct. 2505; *see also Bridgewater v. City of Indianapolis*, 2016 WL 1117646, at *1 (S.D. Ind. 2016).

The Seventh Circuit has recently stated that the legal standard for determining whether an employment discrimination claim should survive summary judgment is "simply whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action." *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). The court explained:

Evidence must be considered as a whole, rather than asking whether any particular piece of evidence proves the case by itself—or whether just the "direct" evidence does so, or the "indirect" evidence. Evidence is evidence. Relevant evidence must be considered and irrelevant evidence disregarded, but no evidence should be treated differently from other evidence because it can be labeled "direct" or "indirect."

*Id.*

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

█ After careful consideration, this court concludes that, considering the evidence as a whole, there is evidence from which a reasonable factfinder could conclude that Kerr's sex, specifically, her transgender status, caused her discharge. This evidence includes Kasper's testimony that Carnahan told him to terminate Kerr's employment because she was transgender and Kerr's testimony that she had permission from Morris to use the company vehicle but was terminated by Morris, with Carnahan's approval, anyway. This court recognizes that Kerr's credibility has been called into question by her changing accounts of why she was using the company vehicle. But it is not this court's role at this stage of the proceedings to make credibility determinations. Further, what she was using the vehicle for is not the issue in this case. The issue is why she was terminated by Defendant. And there is sufficient evidence that she was terminated because she was transgender to go to the jury.

This court also agrees with the EEOC that discharging Kerr because she is transgender, or because she has transitioned from male to female, is a form of sex discrimination and is thus prohibited by Title VII. This court recognizes that the Seventh Circuit stated in 1984 that "Title VII does not protect transsexuals from discrimination." *See Ulane v. Eastern Airlines*, 742 F.2d 1081, 1086 (7th Cir. 1984). However, recent decisions by the Seventh Circuit have undermined that ruling. The court recently determined that

the reasoning in *Ulane* did not foreclose a transgender student from bringing sex-discrimination claims based upon a theory of sex-stereotyping as articulated by the United States Supreme Court in *Price Waterhouse. Whitaker v. Kenosha Unified Sch. Dist. No. 1*, 858 F.3d 1034, 1048 (7th Cir. 2017), *citing Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). The *Whitaker* court noted that "[i]n *Price Waterhouse*, a plurality of the Supreme Court and two justices concurring in the judgment, found that the plaintiff has adequately alleged that her employer, in violation of Title VII, had discriminated against her for being too masculine." *Whitaker*, 858 F.3d at 1047. "Thus, the Court embraced a broad view of Title VII, as Congress 'intended to strike at the entire spectrum of disparate treatment of men and women resulting from sex stereotypes.'" *Id., quoting Price Waterhouse*, 490 U.S. at 251, 109 S.Ct. 1775. The court then concluded that "[b]y definition, a transgender individual does not conform to the sex-based stereo-types of the sex that he or she was assigned at birth." *Whitaker*, 858 F.3d at 1048. This court agrees with the EEOC that it follows logically that discrimination because a person is transgender is encompassed within the definition of sex discrimination set forth in *Price Waterhouse*.

■ The Seventh Circuit, sitting *en banc*, also recently held that "a person who alleges that she experienced employment discrimination on the basis of her sexual orientation has put forth a case of sex discrimination for Title VII purposes." *Hively v. Ivy Tech Cmty. Coll. of Ind.*, 853 F.3d 339, 351–52 (7th Cir. 2017). In doing so, the court noted *Ulane*'s unduly narrow conception of sex discrimination. *Id.* at 341. Based upon *Whitaker* and *Hively*, this court concludes that discrimination based upon a person's transgender status is a violation of Title VII.

For all the reasons stated, Defendant's Motion for Summary Judgment (# 36) is DENIED.

### EEOC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

■ This court agrees with Defendant that the EEOC is not entitled to summary judgment on Defendant's affirmative defense of failure to mitigate damages. To establish the affirmative defense of failure to mitigate damages, an employer must show that: "(1) the plaintiff failed to exercise reasonable diligence to mitigate her damages, and (2) there was a reasonable likelihood that the plaintiff might have found comparable work by exercising reasonable diligence." *Hutchison v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1044 (7th Cir. 1994). As part of its Response to the EEOC's Motion for Partial Summary Judgment, Defendant has provided copies of resumes Kerr used in her job search. This court agrees with Defendant that the resumes contain numerous spelling errors and also contain grammatical errors. In addition, some of the resumes include qualifications that are blatantly untrue. This court has no trouble concluding that many, if not most, employers would not give serious consideration to a job application accompanied by such a sloppily prepared resume. This court therefore agrees with Defendant that these resumes prepared by Kerr are sufficient to raise a genuine dispute of material fact regarding whether Kerr failed to exercise reasonable diligence to mitigate her damages. Clearly, there are questions of fact as to whether Kerr's attempt to find comparable employment was reasonable. *See Brandenburg v. Henderson Trucking Co.*, 2011 WL 2941307, at *3 (S.D. Ill. 2011). The EEOC's Motion for Partial Summary Judgment (# 38) is DENIED.

## MOTION FOR HEARING

On June 13, 2017, Defendant filed a Motion for Hearing (# 37) and requested oral argument on its Motion for Summary Judgment. This court concludes that the parties have ably set out their arguments in this case and that oral argument is not necessary. Defendant's Motion for Hearing (# 37) is DENIED

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Hearing (# 37) is DENIED.

(2) Defendant's Motion for Summary Judgment (# 36) is DENIED.

(3) The EEOC's Partial Motion for Summary Judgment (# 38) is DENIED.